AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT

1/25/22

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:22-MJ-28 |
| JOHNATHAN DALE STUMP | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 23, 2021__ in the county of __Clark__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Calvin Burch, DEA TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____
*(specify reliable electronic means)*

Date: 1/25/22

Peter B. Silvain, Jr.
United States Magistrate Judge

City and state: Dayton, Ohio

## AFFIDAVIT

I, Calvin Burch, hereby duly sworn, declare and state:

### INTRODUCTION

1. I am a Task force Officer ("TFO") of the Drug Enforcement Administration ("DEA"). I therefore am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 21 U.S.C. § 878. Moreover, I am an "investigative law enforcement officer" within the meaning of 18 U.S.C. § 2510.

2. I have been a law enforcement officer and have been employed by the Springfield, Ohio Police Division ("SPD") since 2015 and I have been assigned to Intelligence/Narcotics Unit with SPD since May of 2019. Since November 2021, I have been assigned to the DEA as a TFO. Since 2019, I have participated in investigations involving narcotics trafficking and have received specialized training on the subject of narcotics trafficking.

### PURPOSE OF AFFIDAVIT

3. I make this affidavit in support of a criminal complaint and arrest warrant for Johnathan Dale STUMP as there is probable cause to believe that he has: knowingly possessed with intent to distribute 32.70 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). The facts contained in this affidavit are either known to me or have been relayed to me from other law enforcement.

### PROBABLE CAUSE

4. Affiant has been involved in an investigation of Methamphetamine distributors in Springfield, Ohio. In 2021, members of SPD Intelligence/Narcotics Unit, Franklin County

Sheriff's Office, and the DEA Dayton Resident Office (DRO) began investigating Johnathan D. STUMP for drug trafficking offenses. STUMP was released from the Ohio Department of Rehabilitation and Correction on or about February 15, 2021, having served a twelve-month term of imprisonment for aggravated possession of drugs in Clark County, Ohio Common Pleas Case No.19-CR-0720, and a term of imprisonment for possession of drugs and counterfeiting in Greene County, Ohio Common Pleas Case Nos. 2019CR299 and 2019CR510.

5. On July 23, 2021, SPD Officer Kitchen and others were dispatched to 1023 Farlow Street, in Springfield Ohio on a report of an unconscious male in an SUV. Officer Kitchen arrived on scene and located a 2001 Chevrolet Tahoe, Ohio license plate number JIH7768, parked diagonally in the street and blocking the roadway. Officer Kitchen made contact with the driver, identified as Johnathan STUMP. Officer Kitchen had STUMP step out of the vehicle to speak with officers. STUMP advised officers that he was just tired. STUMP claimed that he just dropped off a female friend and was about to head home. Officer Kitchen inquired about the female's name and/or the location of where she was dropped off, but STUMP was unable to provide this information.

6. Based on the encounter, Officer Kitchen asked STUMP if he had any weapons or illegal items on his person, which STUMP advised he did not. Officer Kitchen asked STUMP for consent to pat him down and check his pockets, to which STUMP consented. Officer Kitchen then located a plastic baggie that contained miscellaneous colored pills in the right cargo pocket of STUMP's shorts. Officer Kitchen asked STUMP if he knew what the baggie contained and STUMP stated that it was Ecstasy. Officer Kitchen then asked STUMP where he got the baggie, and STUMP replied that he got it from the female he drove home. Officer Kitchen then explained that baggie would be sent off to the Ohio Bureau of Criminal Investigations (BCI) for

testing. STUMP then retracted his previous statements and stated that the female friend left the baggie in the passenger's seat of the vehicle. STUMP then went on to state that he did not want to get pulled over and the baggie be in plain view so he put it in his pocket. STUMP then told Officer Kitchen that he believes the baggie could possibly contain Ecstasy but was not sure.

7. The pills were later submitted to the BCI laboratory and found to be 96 pills containing approximately 32.70 grams of a mixture or substance containing a detectable amount of methamphetamine.

8. Based on my training and experience, I know that 32.70 grams is more than a personal use amount of methamphetamine and would be considered a distribution amount.

## CONCLUSION

9. Based on the facts set forth in the Affidavit, I respectfully request that the Court issue a criminal complaint against, and arrest warrant for, Johnathan D. STUMP for knowingly possessing with intent to distribute 32.70 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

Calvin Burch
Task Force Officer
Drug Enforcement Administration

Sworn and subscribed before me on this
25th day of January, 2022.

Peter B. Silvain, Jr.
United States Magistrate Judge